UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80052-CR-AMC

UNITED STATES OF AMERICA,

v.

IGNACIO FLORES-BOCANEGRA,

    Defendant.
_____/

FILED BY____KJZ____D.C.

Mar 31, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

PRETRIAL DETENTION ORDER

    The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS that the Defendant, IGNACIO FLORES-BOCANEGRA, be detained pursuant to the provisions of Sections (b), (e), and (f).

    The Government moved for pre-trial detention of Defendant on the basis that he is a serious risk of flight or nonappearance and a danger to the community. The Court conducted a detention hearing in this case on March 26, 2021, at which Defendant appeared by Zoom Video-Teleconference ("VTC") due to the COVID-19 pandemic, the CARES Act, and the Administrative Orders entered by Chief Judge K. Michael Moore. Defendant waived his physical presence in the Courtroom and agreed to appear at the hearing by Zoom VTC, with the advice of competent counsel, and the Court found this waiver and consent to be knowing and voluntary. The Court further found that the hearing could not be postponed without seriously harming the interests of justice. Therefore, the hearing proceeded by VTC.

    At the conclusion of the hearing, the Court orally ordered that Defendant be detained as a serious risk of flight or nonappearance, and a danger to the community, and found that no condition or combination of conditions of release could reasonably assure the appearance of Defendant.

Defendant's counsel, AFPD Scott Berry, orally objected to the pretrial detention of Defendant on the basis that he presents a danger to the community. Defendant questioned the statutory basis under the Bail Reform Act for the Government to move for, and for this Court to order, the pretrial detention of Defendant based on danger to the community, in light of the specific facts of this case. At the hearing, AUSA Jennifer Nucci was unable to provide the statutory basis supporting the Government's request for pretrial detention on dangerousness grounds.

Accordingly, the Court took the matter of Defendant's pretrial detention based upon dangerousness or community safety under consideration so it could fully explain or clarify its ruling, and the Court advised the parties that it would address the issue in its written pretrial detention order. The Court does so now.

Upon careful review of the issue, the Court agrees with Defendant's counsel that, under the specific facts of this case, there are no statutory grounds for the Government to move in the first instance for, or for the Court to order, pretrial detention on the stand-alone ground of danger to the community. However, the Defendant's counsel is incorrect to the extent he is arguing that dangerousness cannot be considered by the Court in making its detention or release decision, as explained later in this Order. The Court therefore clarifies its ruling and denies the Government's request for pretrial detention on the stand-alone basis of danger to the community, based upon the following rationale.

    i.    **Requests for PTD under 18 U.S.C. 3142(f)(1) are Circumscribed by the Nature of the Charges Pending Against the Defendant or the Defendant's Prior Convictions:**

Section 3142(f)(1) of Title 18 of the United States Code provides that the Government may move to detain a defendant based on a risk of nonappearance or on safety of a person or the community grounds, if Defendant is charged with:

    (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    (B) an offense for which the maximum sentence is life imprisonment or death;

    (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

    (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

    (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code;

Here, Defendant Flores-Bocanegra has been charged with illegal reentry after removal, in violation of 8 U.S.C. 1326(a) and (b)(2), which provides for a maximum prison term of 20 years, but that offense is not a delineated crime in section 3142(f)(1)(A)-(E). *See U.S. v. Castellanos-Almendares*, 19-CR-80144, 2019 WL 3937862 (S.D. Fla. Aug. 20, 2019). Thus, under 3142(f)(1)(A)-(E), since Defendant is not charged with a crime delineated in 3142(f)(1)(A), (B), (C), or (E), the Government cannot move for pretrial detention under that section unless his criminal record contains two or more convictions for the felonies specified in section 3142(f)(1)(D).

Upon review of Defendant's prior criminal record, the Court finds that Defendant has one prior conviction that qualifies as a crime for which the maximum penalty under the Controlled Substances Act ("CSA") is more than ten years. Specifically, Defendant was convicted of conspiracy to possess with intent to distribute or more than 500 grams of cocaine. Under the CSA,

the maximum sentence for this crime is forty years imprisonment. Thus, this offense qualifies under section 3142(f)(1)(D). However, after carefully reviewing Defendant's remaining prior criminal record, the Court finds that none of Defendant's other convictions qualify under section 3142(f)(1)(D). Accordingly, the Court finds that there is no factual basis on which the Government may move to detain this Defendant pursuant to section 3142(f)(1)(A)-(E). Thus, to the extent the Government moved for pretrial detention of Defendant pursuant to 3142(f)(1) on any ground, including safety of a person or the community (dangerousness), that request is **DENIED**. That, however, does not end the analysis.

      ii.      **The Government Was Authorized to Move for Pretrial Detention of the Defendant as a Serious Risk of Flight under 18 U.S.C. 3142(f)(2)(A):**

The Government properly moved for pretrial detention of Defendant in this case on serious risk of flight grounds under 3142(f)(2)(A), and the Court is proceeding under that section in this pretrial detention order. That section allows the Government to move for pretrial detention in a case that includes a serious risk that Defendant will flee. With that said, the Court makes the following findings of fact with respect to this order for detention:

Factors:

    a)    **The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

Defendant is charged by Criminal Complaint with illegal re-entry after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [DE 1]. If convicted, he is facing up to twenty years in prison and up to a $250,000 fine.

    b)    **The weight of the evidence against the Defendant.**

The weight of the evidence against Defendant is substantial. The Court takes judicial notice of the information in the Criminal Complaint, Affidavit, and Modified Pretrial Services Report.

The following evidence was established by the Criminal Complaint, the Affidavit, the Government's proffer, and the testimony of Government Witness Andy Korzen, HSI Task Force Officer.

On or about March 15, 2021, Defendant was arrested in Palm Beach County, Florida for domestic battery and an outstanding warrant for failure to appear on another separate charge of domestic battery. Upon being booked at the Palm Beach County Jail, a review of immigration records showed that Defendant was a native and citizen of Mexico. Records further show that on three separate occasions on or about October 2, 1997, January 19, 1998, and October 6, 2000, Defendant was voluntarily removed to Mexico. The records further showed that Defendant reentered the United States illegally, and was ordered removed on January 23, 2001, the execution of which occurred on February 1, 2001. Additionally, Defendant was previously convicted of illegal reentry on April 15, 2005, in the Southern District of Texas.

Officer Korzen then performed a database records check of the Computer Linked Application Informational Management System and determined that no record existed indicating that Defendant had obtained consent or permission for re-admission into the United States.

c)   **The history and characteristics of the Defendant**.

The Court takes judicial notice of the Modified Pretrial Services Report. Defendant was born on October 18, 1979, in Mexico. His current address, time in the community, occupation, monthly income, and educational background are all unknown at this time. He has strong ties to Mexico and few ties, if any, to this district.

d)   **The criminal history of the Defendant.**

Defendant has an extensive criminal history dating back to 1999. This contains arrests for driving without a license, obstructing justice, possession of cocaine, conspiracy to possess with

the intent to distribute at least 500 grams of cocaine, DUI, and reckless driving, resisting an officer without violence, and domestic battery. He is currently facing two separate charges of domestic battery in state court in Palm Beach County.

      e)      **The likelihood of the Defendant's appearance in court if released.**

The Court finds that, pursuant to 3142(f)(2)(A), there is a serious risk that Defendant will flee if released. In light of nature of the instant offense, the substantial weight of the evidence against him, Defendant's lengthy criminal history and pending state charges, his demonstrated ability to surreptitiously cross borders, his ties to a foreign country, his prior failures to appear and violation of probation, his use of alias names and dates of birth, and his likely substance abuse issues based upon his prior drug and DUI arrests, the Court finds that the Government has shown by a preponderance of the evidence that Defendant is a serious flight risk. The Court further finds that no conditions or combination of conditions of release will reasonably assure his appearance in court. The Court will now address the dangerousness issue as to this Defendant.

      iii.      **When the Government Makes a Proper Request for PTD on Serious Risk of Flight Grounds Under 3142(f)(2)(A), the Court Must Then Consider Several Factors Under 3142(g), Including the Defendant's Alleged Dangerousness, in Determining Whether Appropriate Conditions of Release Exist:**

As noted above, the Government properly moved for the pretrial detention of Defendant as a serious risk of flight under 3142(f)(2)(A), and the Court has found that Defendant does present a serious risk of flight if released. The Court further notes that section 3142(g)(1)-(4) states the factors this Court shall take into account in determining whether there are conditions of release that will reasonably assure the appearance of Defendant as required, and the Court has carefully considered all of those factors in making its decision here. Of significance to the present dispute, one of those factors which the Court is directed to consider is the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. *See*

§3142(g)(4).

Thus, although the Government is not permitted, under the specific facts of this case, to move for Defendant's pretrial detention on the stand-alone ground of safety to persons or the community (dangerousness) under §3142(f)(1)(A)-(E), once the Government has properly moved for pretrial detention on serious risk of flight grounds under §3142(f)(2)(A), as it has done here, the Court must then consider Defendant's dangerousness under §3142(g)(4). *See Castellanos-Almendares*, *supra*, 19-CR-80144, 2019 WL 3937862, at *2-3 ("[i]f the Court, at a detention hearing properly sought by the Government under the Bail Reform Act on serious risk of flight grounds, determines that, based on the facts, proffer, testimony and argument presented, the release of the defendant would constitute a danger to the community or a person in the community, the Court cannot simply turn a blind eye to those facts."); (Matthewman, M.J.); *United States v. Salgado*, CR No. 20-53JJM, 2020 WL 4747931 (D.R.I. Aug. 17, 2020) (Sullivan, M.J.) (same); *see also U.S. v. Miller*, 2018 WL 6977619, at *3 (S.D. Fla. Dec. 13, 2018) (Hopkins, M.J.) (explaining that, once a hearing is properly invoked, the court can consider other grounds, such as dangerousness, in making a detention decision).

In light of Defendant's serious criminal history involving drug charges and violence, substance abuse issues evidenced by his prior DUI arrest and drug arrests, his prior failures to appear in court and violation of probation, his use of alias names and dates of birth, and the nature of the instant charge, the Court does find that Defendant is a danger to any person or the community pursuant to §3142(g)(4). The Court has considered this dangerousness factor as one of the reasons why there are no conditions of release which will reasonably assure the presence of the Defendant as required.

The Court therefore enters this written pretrial detention order and clarifies its prior oral

order entered at the pretrial detention hearing to reflect that the Court: 1) has ordered Defendant detained only as a serious risk of flight under 3142(f)(2)(A), and 2) that, in determining whether any conditions of release exist that will reasonably assure the appearance of Defendant as required, the Court has considered all of the factors in 3142(g) and has specifically found that Defendant is a danger to any person or the community pursuant to 3142(g)(4).

Accordingly, it is hereby **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 31st day of March 2021.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE