UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80052-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IGNACIO FLORES-BOCANEGRA,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change his plea in this criminal case on May 28, 2021. The hearing was translated to the Defendant by the Court's Spanish language interpreter. The Defendant indicated to me that he was able to understand what was being said to him throughout the hearing.

2. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative

Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

3. Next, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

4. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

5. There is a written Plea Agreement in this case. (DE 16). The Defendant acknowledged that the Plea Agreement was read to him in its entirety by a Spanish speaking interpreter. The Defendant acknowledged that he understands the Plea Agreement and agrees to be bound by the Plea Agreement. The Defendant stated on the record that he authorized his attorney to sign the Plea Agreement on his behalf.

6. The Defendant pleaded guilty to the Indictment, which charges him with illegal reentry after prior deportation, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

7. The possible maximum penalties were announced on the record. The Defendant acknowledged his understanding of the possible maximum penalties that could be imposed against him in this case. I advised the Defendant of the possibility of the Defendant's deportation after sentencing as an additional consequence of his guilty plea. The Defendant acknowledged that he and his attorney had discussed his possible deportation based on this offense.

8. The parties submitted a written Stipulated Factual Basis ("Stipulation"), which was signed by counsel for the Government, counsel for the Defendant, and counsel for the Defendant on the Defendant's behalf. (DE 17). The Stipulation was read into the record and translated to the Defendant by a Spanish language interpreter. The Defendant acknowledged that he understands the Stipulation and authorized his attorney to sign the Stipulation on his behalf. The Defendant further acknowledged that he has had the opportunity to fully discuss the Stipulation with his attorney and the Stipulation accurately sets forth the facts in his case as he understands them to be. I find that the Stipulation sets forth all of the essential elements of the crime to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of the offense charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the plea cannot be further delayed without serious harm to the interests of justice; that Defendant's plea of guilty to the sole count of the Indictment be accepted; that the Defendant be adjudicated guilty of the

offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, the United States District Judge assigned to this case. Pursuant to Rule 59(b)(2), Fed.R.Crim.P., the failure to file a timely objection to this Report and Recommendation waives the party's right to review, and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 2nd day of June, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE